UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KERVIN JEANTY,

        Plaintiff,

v.

McLANE EASTERN INCORPORATED,
d/b/a McLANE NORTHEAST; WILLIAM
C. ROSIER, C.E.O.; and ANN DOE, H. R.,

        Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 6366 (VB)

Briccetti, J.:

    Plaintiff Kervin Jeanty, proceeding pro se and in forma pauperis, brings claims under the Americans with Disabilities Act ("ADA"), and the New York State Human Rights Law ("NYSHRL"), as well as various state tort claims, against defendants McLane/Eastern, Inc. d/b/a McLane Northeast ("McLane"),[1] Ann Orr,[2] and William C. Rosier.[3]

    Now pending is defendants McLane and Orr's[4] motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #12).

    For the following reasons, the motion is GRANTED.

    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

---

[1]     Sued herein as "McLane Eastern Incorporated, d/b/a McLane Northeast."

[2]     Sued herein as "Ann Doe."

[3]     On November 2, 2017, the Court received a Marshal's Process Receipt and Return of Service Unexecuted as to defendant Rosier. (Doc. #11). The Court issued an Amended Order of Service on December 18, 2017, directing the Marshals to serve Rosier at a corrected address. To date, the Court has not received a Marshal's Process Receipt and Return of Service indicating whether service was executed. Moreover, Rosier has not appeared in this case. Because the complaint was filed on August 21, 2017, plaintiff's time to serve Rosier with a summons and complaint has expired. See Fed. R. Civ. P. 4(m).

[4]     The arguments advanced by the moving defendants apply equally to defendant Rosier.

1

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded allegations in plaintiff's complaint and draws all reasonable inferences in plaintiff's favor. The following facts are taken from the complaint and the documents attached thereto or incorporated by reference therein.[5]

In May or June of 2016, plaintiff applied to work at McLane as a delivery driver. Plaintiff alleges he indicated on his application that he had a disability.

On or around June 22, 2016, plaintiff allegedly was "offered a driving delivery position," provided he passed a "DOT exam," physical, drug test, and strength test. (Compl. at 5, 8).[6]

After taking these tests, plaintiff contacted a McLane human resources employee, defendant Ann Orr, to inquire as to the status of his application. According to the complaint, Orr told plaintiff he failed the strength test, and therefore would not be hired. Plaintiff asked if he could retake the test, but Orr told him he "didn't even come close." (Compl. at 8).

Plaintiff alleges the strength test is discriminatory against applicants with disabilities and, specifically, he should have been able to retake the strength test or otherwise hired and allowed "to make deliveries at [his] own comfort level" (Compl. at 8–9), to accommodate his "major depressive disorder, past nerv [sic] damage, broken humerous [sic] and anxiety, concussion/or TBI." (Compl. at 4).

---

[5] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)).

[6] As used herein, "Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the complaint and its attachments, all of which are filed together as a single document. (Doc. #2).

# DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.

3

2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Statute of Limitations for ADA Claims

Plaintiff brings federal claims under the ADA, alleging defendants discriminated against him on the basis of his disability, and failed to accommodate his disability.

Defendants argue plaintiff's ADA claim should be dismissed because it is barred by the relevant statute of limitations.

The Court agrees.

It is well established that "[b]efore filing a Title VII or ADA action in federal court, a plaintiff must timely file charges of employment discrimination with the EEOC." Thomson v. Odyssey House, 2015 WL 5561209, at *6 (E.D.N.Y. Sept. 21, 2015) (citations omitted), aff'd, 652 F. App'x 44 (2d Cir. 2016) (summary order).[7] When a plaintiff is issued a notice of right to sue from the EEOC, he "has 90 days from receipt of that notice to file a lawsuit relating to those charges." Id. (citing Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 38 (2d Cir. 2011)).

Filing a complaint after the statute of limitations runs renders the claim untimely, even when a pro se plaintiff files the complaint as little as two days late. See Grys v. ERIndustrial Sales, Inc., 553 F. App'x 61, 62 (2d Cir. 2014) (summary order).

Here, plaintiff filed his EEOC charge on or about October 17, 2016. The EEOC mailed the notice of right to sue on May 17, 2017, and plaintiff says he received it "on or about May 20,

---

[7] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

4

2017." (Compl. at 6, 10).[8]

Ninety days after May 20, 2017, is August 18, 2017. Therefore, for the complaint to be timely, the Clerk's Office must have received it by August 18, 2017.

On August 17, 2017, plaintiff sent the complaint to the Court's Pro Se Intake Unit by FedEx Ground. (Compl. at 11). The Pro Se Intake Unit received the complaint on August 21, 2017. (Id.) Accordingly, the complaint was filed on August 21, 2017, three days after the statute of limitations ran. See Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003) (mailing complaint eighty-nine days after receiving right-to-sue letter did not render claims timely when Pro Se Office did not receive the complaint until two days after the filing deadline).

Plaintiff argues he is entitled to equitable tolling because his mental state constitutes an extraordinary circumstance.

The Court disagrees.

Equitable tolling applies when "extraordinary circumstances prevented a party from timely performing a required act," Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation omitted), and "the party acted with reasonable diligence throughout the period he [sought] to toll." Id. (alteration in original).

Equitable tolling may be appropriate when "a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d at 80. "The issue of whether a mental disability warrants equitable tolling of a filing deadline requires a 'highly case-specific' inquiry." Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002). "[A] court may look to the relevant state law for

---

[8] There is also a presumption that a notice, such as a right-to-sue letter, is received three days after it is mailed; here, May 20, 2017. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525–26 (2d Cir. 1996).

guidance" in determining whether mental incapacity may be a basis for equitable tolling. Lloret v. Lockwood Greene Eng'rs, Inc., 1998 WL 142326, at *2 (S.D.N.Y. Mar. 27, 1998). "In New York, the toll for insanity is narrowly interpreted and extends only to those individuals who are unable to protect their legal rights because of an overall inability to function in society." Id. "The disability must be of such a nature that plaintiff is unable to manage his business affairs and is incapable of comprehending and protecting his legal rights and liabilities." Id. Plaintiff must plead how the mental condition affects his capacity to function in society generally or prevents plaintiff's pursuit of his legal rights. See Webster v. Potter, 746 F. Supp. 2d 635, 641 (S.D.N.Y. 2010).

Here, plaintiff has not adequately pleaded that his mental state creates an overall inability to function in society. Plaintiff alleges in his opposition that his major depressive disorder "causes difficulty with memory, decision making, and concentration." (Pl.'s Aff. at 1). Plaintiff also pleads other circumstances related to his housing and employment status. But plaintiff does not articulate how these issues prevented his understanding of the law or otherwise impaired his ability to comply with the statute of limitations.

Plaintiff also asserts he was late filing this claim because he was "dealing with several civil rights complaints and or cases." (Pl.'s Aff. at 2). The Court takes judicial notice that plaintiff has three other pending cases, filed close in time to the instant case. Jeanty v. Town of Newburgh, 18-cv-2022 (UA) (filed March 5, 2018); Jeanty v. Newburgh Beacon Bus Corp., 17-cv-9175 (CS) (filed November 21, 2017); Jeanty v. Ward Transport and Logistics Corp., 17-cv-6508 (KMK) (filed August 25, 2017). The fact that plaintiff has recently filed at least three other lawsuits tends to show that his mental state does not impair his ability to comprehend and protect his legal rights.

6

Although plaintiff's circumstances as described in his affidavit are unfortunate, these obstacles do not satisfy New York's narrow interpretation of equitable tolling for mental illness.

Accordingly, plaintiff's ADA claim is untimely and is therefore dismissed.

III.  State Law Claims

In addition to plaintiff's federal claim under the ADA, the complaint, liberally construed, also contains claims under state law, specifically NYSHRL, and "failure to properly train, supervise, inadequate discipline, negligent hiring . . . retention of employees who commit wrongful discrimination . . . [and] aiding and abetting." (Compl. at 9).

Having dismissed plaintiff's federal claim, there is no longer any claim over which the Court has original jurisdiction. In an exercise of its discretion, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

Accordingly, the state law claims are dismissed without prejudice.

IV.  Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). Moreover, when a pro se plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, plaintiff can only cure the untimely filing if he amends his complaint to properly plead equitable tolling. However, as stated above, nothing in the complaint or in his opposition to the motion suggests that plaintiff is unable to function in society, and the other lawsuits plaintiff has recently filed belie his inability to comprehend or protect his legal rights. Therefore,

plaintiff cannot amend his complaint to truthfully allege his mental state prevented him from proceeding in a timely fashion so as to toll the statute of limitations.

Accordingly, leave to amend would be futile.

## CONCLUSION

The motion to dismiss is GRANTED as to all defendants, including Rosier.

The Clerk is instructed to terminate the pending motion (Doc. #12) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: March 19, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge